CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
ElliottM@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, <br><br> Plaintiff, <br><br> v. <br><br> **Alexandria Housing Partners, L.P.**, a California Limited Partnership; <br> **Pacific Housing, Inc.**, a California Corporation; <br> **Little Easy, Inc.**, a California Corporation; and Does 1-10, <br><br> Defendants. | Case No. **2:18-CV-06339-MWF-AFM** <br><br> **First Amended Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Brian Whitaker complains of Defendants Alexandria Housing Partners, L.P., a California Limited Partnership; Pacific Housing, Inc., a California Corporation; Little Easy, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is

1

First Amended Complaint                    2:18-CV-06339-MWF-AFM

substantially limited in his ability to walk. He is a quadriplegic. He suffers from a C-4 spinal cord injury and uses a wheelchair for mobility.

2.  Defendant Alexandria Housing Partners, L.P. owned the real property located at or about 216 W. 5th Street, Los Angeles, California, in June 2018.

3.  Defendant Alexandria Housing Partners, L.P. owns the real property located at or about 216 W. 5th Street, Los Angeles, California, currently.

4.  Defendant Pacific Housing, Inc. owned the real property located at or about 216 W. 5th Street, Los Angeles, California, in June 2018.

5.  Defendant Pacific Housing, Inc. owns the real property located at or about 216 W. 5th Street, Los Angeles, California, currently.

6.  Defendant Little Easy, Inc. owned the Little Easy located at or about 216 W. 5th Street, Los Angeles, California, in June 2018.

7.  Defendant Little Easy, Inc. owns the Little Easy restaurant ("Restaurant") located at or about 216 W. 5th Street, Los Angeles, California, currently.

8.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.  The Court has subject matter jurisdiction over the action pursuant to 28

First Amended Complaint                    2:18-CV-06339-MWF-AFM

U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the Restaurant in June 2018 to eat.

13. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

14. Entrance into the Restaurant is one of the facilities, privileges, and advantages offered by Defendants to patrons of the business.

15. The entrance restroom door hardware at the Restaurant had a traditional style, round knob that required tight grasping and twisting of the wrist to operate during plaintiff's visit. Because of plaintiff's disability, he is unable to grasp and turn round knobs.

16. Currently, the entrance door hardware at the Restaurant has a traditional style round knob that requires tight grasping and twisting of the wrist to operate.

17. Plaintiff personally encountered this barrier.

18. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

19. Plaintiff plans to return and patronize the Restaurant but is deterred from visiting until the defendants remove the barriers.

First Amended Complaint                    2:18-CV-06339-MWF-AFM

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

21. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. The barriers in this complaint are easily fixable. For example, replacing door hardware with accessible hardware is a simple and inexpensive task that can be completed without the need to hire a professional.

23. Plaintiff is deterred from returning and patronizing the Restaurant because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

24. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

First Amended Complaint                    2:18-CV-06339-MWF-AFM

Defendants.) (42 U.S.C. section 12101, et seq.)

25. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

27. Door hardware must have a shape that is easy to grasp with one hand

First Amended Complaint                    2:18-CV-06339-MWF-AFM

and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 1991 Standards § 4.13.9; 2010 Standards § 404.2.7.

28. Here the failure to provide such door hardware is a violation of the ADA.

29. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

30. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

31. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

First Amended Complaint                    2:18-CV-06339-MWF-AFM

privileges, or services offered.

35. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: August 30, 2018      CENTER FOR DISABILITY ACCESS

By: ___/s/ Amanda Lockhart Seabock___
Amanda Lockhart Seabock
Attorney for Plaintiff

7

First Amended Complaint      2:18-CV-06339-MWF-AFM